IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FANNIE SSEBANAKITTA,

*Plaintiff,*

vs.

Case No. 20-1167-EFM-GEB

NAN RAYMOND (USPS),

*Defendant.*

**MEMORANDUM AND ORDER**

Plaintiff Fannie Ssebanakitta brought this pro se action against Defendant "Nan Raymond (USPS)" (the United States Postal Service), claiming dissatisfaction with mail service, threats by a mail carrier, and damage to mail and property. The government, on behalf of the United States Postal Service ("Postal Service"), has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12). For the reasons stated below, the Court grants the Motion to Dismiss.

**I.       Factual and Procedural Background**

Ssebanakitta originally filed a small claims petition in Sherman County, Kansas, on May 11, 2020. The government removed the case to this Court under 28 U.S.C. § 1442 on June 24. In her Petition, Ssebanakitta seeks $4,000.00 in damages for the Postal Service "refusing to deliver our mail according to Doctor [sic] orders, not holding our mail according to our verbal agreement along with their mail carrier destroy [sic] our property as well as interfering with our personel [sic]

business while delivering our mail." Ssebanakitta also seeks reimbursement for her time and expense of traveling to and from the post office. Additionally, in response to the government's motion, Ssebanakitta alleges that a mail carrier threatened her, destroyed property by her house, opened mail, and damaged boxes.

Defendant Nan Raymond is the Manager of Consumer and Industry for the Central Plains Region of the Postal Service in Omaha, Nebraska. Raymond is not and never has been the carrier who delivers mail to Ssebanakitta's residential address. The carrier who delivers mail to Ssebanakitta's address is an independent contractor and not an employee of the Postal Service.

Ssebanakitta did not file any administrative tort claims with the Postal Service prior to bringing this action.

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction."[1] A presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[2] "Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.' "[3] If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the Court must accept all factual allegations as true.[4] If challenging the facts allowing jurisdiction,

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[2] *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 182–83 (1936)).

[3] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002), *cert. denied,* 538 U.S. 999 (2003)).

[4] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

the Court is not required to accept the complaint's factual allegations as true.[5] When jurisdictional facts are disputed, the Court has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing" without converting the motion to a Rule 56 motion.[6]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[7] A pro se litigant is entitled to a liberal construction of his or her pleadings.[8] If the Court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, the Court should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements."[9] However, it is not the proper role of the district court to "assume the role of advocate for the pro se litigant."[10]

### III.   Analysis

**A.   The Postal Regulatory Commission has exclusive jurisdiction over Plaintiff's claims.**

Ssebanakitta's claims are properly characterized as complaints regarding mail service. She alleges problems with how her mail was delivered, as well as how her mail was held. She also alleges problems with a mail carrier while her mail was being delivered. Complaints about how the Postal Service holds and delivers mail are inherently mail service claims. In addition to these allegations, Ssebanakitta's requested relief includes reimbursement of travel to and from the post

---

[5] *Id.* at 1003.

[6] *Id.* (citing *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987), *cert. denied*, 484 U.S. 986 (1987)).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

office.  This requested relief indicates that Ssebanakitta's ultimate harm was having to drive to the post office, which overall is a mail service issue.  Because Ssebanakitta's claims relate to mail service, the Postal Regulatory Commission has exclusive jurisdiction over them.[11]  Under § 3662 of the Postal Reorganization Act, "[a]ny interested person . . . who believes the Postal Service is not operating in conformance with the requirements of the provisions of [the Postal Reorganization Act] may lodge a complaint with the Postal Regulatory Commission in such form and manner as the Commission may prescribe."[12]  Because the Postal Regulatory Commission has exclusive jurisdiction, the Petition must be dismissed for lack of subject matter jurisdiction.

### B.     The Court does not have subject matter jurisdiction over Plaintiff's tort claims.

In the alternative, to the extent any of Ssebanakitta's claims are tort claims, they are not cognizable under the Federal Tort Claims Act ("FTCA").  Absent an unequivocal waiver, sovereign immunity prohibits private lawsuits against the federal government and its agencies.[13]  The FTCA is a limited waiver of the federal government's sovereign immunity.[14]  The Postal Reorganization Act provides that the FTCA "shall apply to tort claims arising out of activities of the Postal Service."[15]  A claimant may bring suit under the FTCA for "injury or loss of property,

---

[11] *Naskar v. United States*, 82 Fed. Cl. 319, 322 n.1 (2008) ("To the extent that plaintiff's claim could be construed as a service complaint against the United States Postal Service, the Postal [Regulatory] Commission (the Commission) has exclusive jurisdiction over it."); *Bovard v. U.S. Post Office*, 1995 WL 74678, at *1 (10th Cir. 1995) ("The language of section 3662 makes clear that a postal customer's remedy for unsatisfactory service lies with the Postal [Regulatory] Commission, and that Congress did not intend to create a private right of action for service complaints."); *Ahmad v. United States*, 2015 WL 4528142, at *2 (D. Colo. 2015) ("[A] postal customer's exclusive remedy for unsatisfactory service lies with the Postal Regulatory Commission.").

[12] 39 U.S.C. § 3662(a).

[13] *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992).

[14] 28 U.S.C. § 1346(b)(1).

[15] 39 U.S.C. § 409(c).

or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant . . . ."[16]

While the Postal Service may be sued under the FTCA, it cannot be sued here because Ssebanakitta has not exhausted her administrative remedies. The FTCA requires claimants to first exhaust their administrative remedies by presenting their claims to the appropriate federal agency before bringing a claim against the United States.[17] This exhaustion requirement is jurisdictional and cannot be waived.[18] Additionally, it is the plaintiff's burden to both plead and prove compliance with the requirements of the FTCA.[19] Here, Ssebanakitta has not alleged that she pursued her administrative remedies, and thus she has not met this statutory requirement of the FTCA.

The FTCA also applies to employees of the United States and not to independent contractors.[20] Defendant Raymond is not and never has been the mail carrier for Ssebanakitta. The mail carrier who delivers mail to Ssebanakitta and who is alleged to have conducted the acts is an independent contractor. Thus, the FTCA does not apply to Raymond's alleged actions.

---

[16] 28 U.S.C. § 1346(b)(1).

[17] *Id*. § 2675(a).

[18] *See Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (describing the exhaustion requirement as "jurisdictional and cannot be waived") (citations omitted).

[19] See *Johnson v. Potter*, 2006 WL 1302120, at *3 (D. Kan. 2006) (quoting *In re Agent Orange Prod. Liab. Litig*., 818 F.2d 210, 214 (2d Cir. 1987)).

[20] *Curry v. United States*, 97 F.3d 412, 414 (10th Cir. 1996) ("The FTCA does not authorize suits based on the acts of independent contractors or their employees.") (citations omitted).

Because Ssebanakitta's claims are not cognizable under the FTCA, the Court does not have subject matter jurisdiction over them.

## C. The Court does not have subject matter jurisdiction over Plaintiff's breach of contract claim.

Ssebanakitta alleges the Postal Service did not hold mail "according to our verbal agreement." To the extent this claim is construed as a breach of contract claim, the Court still does not have subject matter jurisdiction.[21] A plaintiff must pursue administrative remedies before bringing a breach of contract claim against the United States.[22] Ssebanakitta has not alleged that she pursued administrative remedies, and by her not pursuing such remedies, the Court is without subject matter jurisdiction.

In conclusion, the Court must grant the government's Motion to Dismiss because the Postal Regulatory Commission has exclusive jurisdiction over Ssebanakitta's claims. In the alternative, Ssebanakitta has not pursued administrative remedies for any tort or breach of contract claims, leaving the Court without subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) is **GRANTED.**

---

[21] The government argues that to the extent Plaintiff's claim is based on "contract rights," it is exempted under the FTCA's intentional tort exception found in 28 U.S.C. § 2680(h). However, the § 2680(h) exception refers to interference with contract rights, not breaches of contract. Plaintiff alleges that the Postal Service did not act in conformance with a verbal agreement, which is more properly characterized as a breach of contract claim and not as an interference with contract rights claim.

[22] The Tenth Circuit and the district courts in the Tenth Circuit have not considered whether a customer suing the Postal Service must exhaust her administrative remedies before she files a breach of contract claim. But, other district courts that have considered the issue require it. *See Wiggins v. Brennan*, 308 F. Supp. 3d 274, 276–77 (D.D.C. 2018) ("While the laws and regulations of the Postal Service do not expressly require exhaustion of remedies for contract claims, other courts have held that in light of the general doctrine of exhaustion of administrative remedies and the discussion of an administrative complaint procedure in the Postal Service's manuals, a plaintiff is required to follow the administrative complaint procedure prior to bringing a breach of contract claim."); *see also Ly v. U.S. Postal Serv.*, 775 F. Supp. 2d 9, 12 (D.D.C. 2011); *Simat USA, Inc. v. U.S. Postal Serv.*, 218 F. Supp. 2d 365, 368 (S.D.N.Y. 2002).

**IT IS SO ORDERED.**

This case is closed.

Dated this 19th day of November, 2020.

                                            ERIC F. MELGREN
                                            UNITED STATES DISTRICT JUDGE